## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOYCE BEATTY,[1]

              *Plaintiff*,

   v.

DONALD J. TRUMP, RICHARD GRENELL, JENNIFER FISCHER, SERGIO GOR, JOHN FALCONETTI, BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, ROBERT CASTELLANI, ELAINE CHAO, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, EMILIA MAY FANJUL, LYNETTE FRIESS, PAMELA GROSS, LEE GREENWOOD, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, MICHELE KESSLER, DANA KRAFT, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, CATHERINE B. REYNOLDS, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI, ROBERT F. KENNEDY, JR., MARCO RUBIO, LINDA MCMAHON, MIKE JOHNSON, SAM GRAVES, JULIA LETLOW, MIKE MCCAUL, JOHN THUNE, SHELLEY MOORE CAPITO, SUSAN COLLINS, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS,

              *Defendants*.

No. 25-CV-___

---

[1] Pursuant to Local Civil Rule 5.1(c)(1), the Plaintiff's residential address is being filed under seal with the Court in a separate Notice of Filing.

**INTRODUCTION**

1.      This is a lawsuit to stop the unlawful renaming of the John F. Kennedy Center for the Performing Arts ("the Kennedy Center").  Shortly after President Kennedy's assassination, Congress designated the Kennedy Center as the sole national memorial to the late President within the nation's capital.  Because Congress named the center by statute, changing the Kennedy Center's name requires an act of Congress.  But on December 18 and 19, 2025—in scenes more reminiscent of authoritarian regimes than the American republic—the sitting President and his handpicked loyalists renamed this storied center after President Trump.  This is a flagrant violation of the rule of law, and it flies in the face of our constitutional order.  Congress intended the Center to be a living memorial to President Kennedy—and a crown jewel of the arts for all Americans, irrespective of party.  Unless and until this Court intervenes, Defendants will continue to defy Congress and thwart the law for improper ends.

2.      For decades, the Kennedy Center has served as a renowned hub for the arts in the nation's capital.  But when Defendant Trump entered office for his second term in January 2025, he became fixated on controlling the Kennedy Center.  In February 2025, in a norm-shattering development, Defendant Trump ousted members of the Kennedy Center's Board of Trustees; installed sycophants in their place; orchestrated the firing of the Kennedy Center's President; and installed Defendant Richard Grenell, who served in the first Trump Administration, to lead the Kennedy Center.  In a stunning move, Defendant Trump even appointed *himself to the Board*, after which his handpicked Board elected him as Chair.  The ongoing politicization of the Kennedy Center has had grave consequences for the institution.  Major figures have broken their ties with the Kennedy Center, and public reporting has found that nearly half of the Kennedy Center's tickets now go unsold.

3.      But simply controlling the Board was not enough for Defendants.  On December 18, 2025, White House Press Secretary Karoline Leavitt announced on social media that the Kennedy Center's Board "just voted unanimously to rename the Kennedy Center to the Trump-Kennedy Center."  The next day, December 19, 2025, workers installed large new signage on the outside of the Kennedy Center's front portico, which now reads: "The Donald J. Trump and the John F. Kennedy Memorial Center for the Performing Arts."  The institution's website bears the name "The Trump Kennedy Center," and the Kennedy Center has sent emails likewise calling itself "The Trump Kennedy Center."

4.      The Board meeting at which the trustees purported to approve the Kennedy Center's name change was a thinly-veiled sham.  The meeting was held at the home of one of Defendant Trump's supporters, whom he had installed to the Board.  No notice was provided that a name change was being considered.  During the meeting, those who might oppose the name change were prevented from speaking.  Plaintiff Congresswoman Joyce Beatty serves as an ex officio member of the Kennedy Center's Board and participated in the meeting remotely.   When the Congresswoman tried to speak in opposition to the name change, she was muted.  This was a transparent effort to prevent any disagreement with the Board's actions and indicates that nothing could, or will, ever change Defendants' minds.  The proceedings were mere window dressing for a predetermined decision.

5.      The Board's purported renaming of the Kennedy Center violates federal law.  By statute, Congress has named the center as "the John F. Kennedy Center for the Performing Arts." Under our constitutional system, only Congress can modify a statute, and Congress must do so *by enacting a new statute*.  Congress has not changed the Kennedy Center's name.  Instead, Defendants are willfully flouting the law to satisfy Defendant Trump's vanity.

6.    Federal law charges the Board with "all the usual powers and obligations of a trustee in respect to all trust funds administered by it." 20 U.S.C. § 76*l*(b).  These obligations include the obligation to follow the trust's terms—in this case, the federal statute establishing the Kennedy Center.  By renaming the Kennedy Center for Defendant Trump, in clear and direct violation of the institution's own organic statute, Defendants have violated their most basic legal obligations as trustees.

7.    This Court's intervention is urgently needed.  The renaming of the Kennedy Center will cause severe harm to this landmark institution, which is already struggling.  Plaintiff in this case is Congresswoman Joyce Beatty, a member of the Kennedy Center's board who serves ex officio by virtue of her position in Congress, and who was a trustee at the time of the purported renaming.  She submits this verified complaint as co-trustee, and, if necessary, derivatively on behalf of the Board of which she is a member and the Kennedy Center.  She seeks a judgment declaring the renaming unlawful, an injunction ordering Defendants to remove the signage purporting to rename the Kennedy Center after Defendant Trump, and any other relief this Court determines is appropriate.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.  The Court has authority to issue a writ of mandamus under 28 U.S.C. § 1361.

9.    This suit is not being brought collusively to confer jurisdiction that the Court would otherwise lack.[2]

10.    Venue is proper in this district under 28 U.S.C § 1391 because one or more Defendants reside in the District of Columbia and/or because a substantial part of the events

---

[2] Federal Rule of Civil Procedure 23.1 does not apply to this action, but the Complaint includes this and other allegations to comply with Rule 23.1 out of an abundance of caution.

occurred in the District of Columbia and/or because a substantial part of property that is the subject of the action is situated in the District of Columbia.

## PARTIES

11.    Plaintiff Congresswoman Joyce Beatty is a member of the House of Representatives from Ohio's third congressional district.  She is an ex officio trustee of the John F. Kennedy Center for the Performing Arts.

12.    Defendants Donald J. Trump, Jennifer Fischer, Sergio Gor, John Falconetti, Brian D. Ballard, Maria Bartiromo, Pamela Bondi, Mary Helen Bowers, Hannah F. Buchan, Robert Castellani, Elaine Chao, Pamella Roland DeVos, Patricia Duggan, Emilia May Fanjul, Lynette Friess, Pamela Gross, Lee Greenwood, Kate Adamson Haselwood, Laura Ingraham, Michele Kessler, Dana Kraft, Mindy Levine, Lynda Lomangino, Barbara Long, Allison Lutnick, Douglas Manchester, Catherine B. Reynolds, Denise Saul, Dan Scavino, Cheri Summerall, Usha Vance, Susie Wiles, Andrea Wynn, Paolo Zampolli, Robert F. Kennedy, Jr., Marco Rubio, Linda McMahon, Mike Johnson, Sam Graves, Julia Letlow, Mike McCaul, John Thune, Shelley Moore Capito, and Susan Collins serve as trustees of the John F. Kennedy Center for the Performing Arts, either by appointment of the President or ex officio, and are sued in that capacity.

13.    Defendant Richard Grenell serves as President of the John F. Kennedy Center for the Performing Arts.

14.    Defendant Trustees of the John F. Kennedy Center for the Performing Arts is the body established by statute that manages Defendant John F. Kennedy Center for the Performing Arts.

## BACKGROUND

*Legal Background*

15.    In 1958, Congress established the National Cultural Center.  In 1964—two months after President Kennedy's assassination—President Johnson signed a law renaming the National Cultural Center after the late President Kennedy.  *See* Joint Resolution Providing for Renaming the National Cultural Center as the John F. Kennedy Center for Performing Arts, Pub. L. No. 88-260, 78 Stat. 4 (Jan. 23, 1964) ("Joint Resolution").  As the Congress explained, it was fitting to name the institution after President Kennedy, who had been "particularly devoted to the advancement of the performing arts within the United States." *Id*.

16.    Today, according to the statutes Congress has enacted, there "is established in the Smithsonian Institution a bureau, which shall be directed by a board to be known as the Trustees of the John F. Kennedy Center for the Performing Arts." 20 U.S.C. § 76h.  The trustees' duty "shall be to maintain and administer the John F. Kennedy Center for the Performing Arts" as "a living memorial to John Fitzgerald Kennedy." 20 U.S.C. § 76h; *see id*. § 76i(a) (providing that the Board shall construct "a building to be designated as the John F. Kennedy Center for the Performing Arts"); *see also* Joint Resolution § 2 (providing that "any designation or reference to the National Cultural Center" means the "John F. Kennedy Center for the Performing Arts").

17.    Congress has declared that the "John F. Kennedy Center for the Performing Arts" "shall be the sole national memorial to the late John Fitzgerald Kennedy within the city of Washington and its environs." 20 U.S.C. § 76q.  And Congress was crystal clear that the center should honor President Kennedy alone.  By law, "the Board shall assure that after December 2, 1983, no additional memorials or plaques in the nature of memorials shall be designated or installed in the public areas of the John F. Kennedy Center for the Performing Arts." *Id*.

6

§ 76j(b)(1).  The only permissible exceptions are for "any plaque acknowledging a gift from a foreign country; any plaque on a theater chair or a theater box acknowledging the gift of such chair or box; and any inscription . . . acknowledging a major contribution."  *Id*. § 76j(b)(2).  And notably, when Congress authorized changes to the building in 2012, Congress further specified that the Board could not acknowledge private donors anywhere "on the exterior of the project."  20 U.S.C. § 76i(c)(3).  Indeed, even members of Congress who support the President recognize that changing the name requires congressional approval, which is why one of them introduced legislation in July 2025 to do just that.  To be clear: That legislation has gone nowhere, and the Center remains named—by law—for President Kennedy.

18.  The Kennedy Center's Board is comprised of a combination of ex officio trustees and general trustees, appointed by the President for a term of six years.  *See* 20 U.S.C. § 76h(a)-(b).  The law does not distinguish between the ex officio trustees and general trustees, and the former possess the same rights and responsibilities as the latter.

19.  By statute, Congress charged the Board with "all the usual powers *and obligations* of a trustee in respect of all trust funds administered by it."  *Id*. § 76*l* (emphasis added).

*Factual Background*

20.  For years, the trustees have faithfully honored Congress's mission and maintained the Kennedy Center as a living memorial to the President for whom it is named.  But when Defendant Trump came into office, he sought to bring the Kennedy Center under his thumb.  In February, Defendant Trump fired the Board's longtime chair, a businessman who had been appointed as a trustee by President George W. Bush; removed general trustees who would exhibit independent judgment; and replaced them with staunch loyalists who will do his bidding, including

his own White House Chief of Staff, multiple Fox News personalities, and the spouses of his Vice President and Secretary of Commerce.

21.    Defendant Trump also appointed himself as a general trustee and had the Board elect him as the new chair.  This is unprecedented.  No American president has ever appointed himself as a trustee of the Kennedy Center, let alone sought to serve as chair.

22.    Under Defendant Trump's direction, the Board fired the Kennedy Center's experienced President and replaced her with Defendant Richard Grenell, who served in the first Trump Administration and has no material prior experience in the arts or arts administration. Defendant Grenell has purged the Kennedy Center's staff and replaced them with yet more loyalists.

23.    In Defendant Trump's own words, "we took over the Kennedy Center." "I'm going to be chairman of it, and we're going to make sure that it's good and it's not going to be woke. There's no more woke in this country."

24.    Defendant Trump's takeover of this storied national institution immediately harmed the Kennedy Center.  Major artistic figures cut their ties with the Kennedy Center and related entities.  The hit Broadway musical *Hamilton* cancelled its upcoming performance, as did actor Issa Rae.  Attendance at the Kennedy Center has plummeted.  By October 2025, public reporting indicated that nearly half of the tickets were going unsold—a stark decline for the once popular venue.

25.    But controlling the Kennedy Center was not enough for Defendants.  On August 12, 2025, Trump posted on his social media account "Great Nominees for the TRUMP/KENNEDY CENTER, whoops, I mean, KENNEDY CENTER, AWARDS . . . ."  On December 8, 2025,

8

Defendant Trump spoke at the Kennedy Center's annual awards ceremony and, again, purported to joke about renaming the center.

26.     Ten days later, his ill-concealed desire became a reality.  At 1:11 PM Eastern Time, on December 18, 2025, the White House Press Secretary announced the following on the social media site X:

> I have just been informed that the highly respected Board of the Kennedy Center, some of the most successful people from all parts of the world, have just voted unanimously to rename the Kennedy Center to the Trump-Kennedy Center, because of the unbelievable work President Trump has done over the last year in saving the building. Not only from the standpoint of its reconstruction, but also financially, and its reputation. Congratulations to President Donald J. Trump, and likewise, congratulations to President Kennedy, because this will be a truly great team long into the future! The building will no doubt attain new levels of success and grandeur.

27.     The very next day, workers installed new signage on the Kennedy Center's front portico, placing Defendant Trump's name above President Kennedy's.  Meanwhile, the Kennedy Center's website was immediately updated to refer to it as "The Trump Kennedy Center," and the Kennedy Center began sending emails with the same new name.



28.     The lightning speed with which this all occurred is deeply telling.  That Defendants had already procured matching signage for the Kennedy Center's front portico in advance and prearranged for workmen to arrive the day following the Board meeting indicates that Defendants had planned to rename the Kennedy Center after Donald Trump, and nothing would or could change their minds.

29.     The conduct in the Board meeting itself confirmed that the meeting was a sham, orchestrated by Defendant Trump and his loyalists as a pretext for a predetermined result.  There was no advance notice in the agenda that the Board would be considering a name change.  The meeting was held at the home of Andrea Wynn, the wife of a casino mogul and Republican donor, whom Defendant Trump installed on the Board.  At the end of the meeting, Defendant Trump's loyalists abruptly announced that they had news they would like to share: the Kennedy Center

---

[3] Photos of Trump's name being added to the Kennedy Center, AP (Dec. 19, 2025), https://tinyurl.com/4jm7a27h.

would now be renamed after Donald Trump.  Defendant Trump's loyalists then purported to solicit feedback, and some voiced their support.

30.    Plaintiff Congresswoman Joyce Beatty attended virtually and had been unmuted previously during the meeting.  But when Plaintiff began speaking, identified herself, and indicated that she had a concern, she quickly found herself muted.  Plaintiff repeatedly attempted to unmute herself.  She found that she was unable to do so.  Instead, Plaintiff received written notices that she would *not* be unmuted, and therefore she could not participate in the meeting.   At the end of the meeting, members of the Board falsely declared that the vote had been unanimous.  It is clear that nothing could or would change Defendants' minds.

31.    After the Plaintiff spoke out publicly following the meeting, ex officio members House Minority Leader Hakeem Jeffries, Senate Minority Leader Chuck Schumer, Senators Sheldon Whitehouse and Mark Warner, and Representative Rick Larsen also issued a statement:

> At today's meeting, a sitting Member of Congress was muted, and participants were prevented from speaking — actions that reflect a troubling lack of transparency and respect for the rule of law. This whole process displays the corruption that permeates the entire Trump Administration, and as ex-officio members of the Kennedy Center Board, we will be unwavering in our commitment to holding this Administration accountable.

32.    Members of the Kennedy family denounced Defendants' actions. Joe Kennedy III, the grandson of Senator Robert Kennedy and grandnephew of President Kennedy, wrote, "The Kennedy Center is a living memorial to a fallen president and named for President Kennedy by federal law. It can no sooner be renamed than can someone rename the Lincoln Memorial, no matter what anyone says."

33.    Kerry Kennedy, a niece of the late President, wrote:

> President Trump and his administration have spent the past year repressing free expression, targeting artists, journalists, and comedians, and erasing the history of Americans whose contributions made our nation better and more just.  President Kennedy proudly stood for justice, peace, equality, dignity, diversity, and compassion for those who suffer. President

11

Trump stands in opposition to these values, and his name should not be placed alongside President Kennedy's.

34.    President Kennedy's niece Maria Shriver said:

It is beyond comprehension that this sitting president has sought to rename this great memorial dedicated to President Kennedy.  It is beyond wild that he would think adding his name in front of President Kennedy's name is acceptable.  It is not.  Next thing perhaps he will want to rename JFK Airport, rename the Lincoln Memorial, the Trump Lincoln Memorial.  The Trump Jefferson Memorial. The Trump Smithsonian.  The list goes on.  Can we not see what is happening here? C'mon, my fellow Americans! Wake up! . . . .

35.    There has been a similar outcry among the public and commentators.  Yet, despite this widespread opposition, Defendants have refused to change course.

36.    As the forgoing facts demonstrate, Plaintiff actually sought to prevent the name change but was prevented from even voicing her opposition at the Board meeting.  Any further efforts to convince Defendants to follow the law would be futile.  Unless and until this Court intervenes, the effort to corrupt the Kennedy Center into a vanity project for Defendant Trump will continue to harm the institution.  Congress has determined that the Kennedy Center's purpose is to serve as a living memorial to President Kennedy.  Congress also determined that it is critical that this memorial not be diluted by association with any other individuals.  But every day that goes by, Defendants are thwarting the Kennedy Center's defining purpose.  In addition, the purported name change will impose financial and operational harms on this already struggling institution by alienating ticket holders, donors, and artists.  For example, immediately following the purported name change, musician Kristy Lee announced that she was canceling her January 14, 2026 performance.  On information and belief, ticket holders have canceled their tickets in protest of Defendants' unlawful actions and demanded refunds.  There is every reason to expect this trend will continue, with associated financial and reputational harms.

**CLAIM FOR RELIEF**

**COUNT ONE**
**BREACH OF TRUSTEES' OBLIGATIONS UNDER 20 U.S.C. § 76*l***

37.    The preceding paragraphs are incorporated and realleged here.

38.    Federal law imposes the obligations of a trustee on the Kennedy Center Board of Trustees and the Board itself in their management of the trust's property.  *See* 20 U.S.C. §§ 76*l*(b), 76j.  Those obligations include, but are not limited to, the obligation to administer the trust in accordance with the trust's terms and for its purpose; the duty of loyalty; and the duty to prudently protect trust property.  In addition, Defendant Grenell owes the duties of an employee to an employer.

39.    Defendants violated their fundamental obligations as trustees and, in Defendant Grenell's case, as an employee.  Their actions violated the trust's terms, as established by Congress in the United States Code.  Defendants' actions were not taken in the best interests of a trust with a duty "to maintain and administer the John F. Kennedy Center for the Performing Arts" as "a living memorial to John Fitzgerald Kennedy."  And Defendants' actions wasted the trust property, including by expending resources to unlawfully deface the Kennedy Center's building and its website; by diluting the Kennedy Center's brand and fundamentally undermining its mission; by directly causing a reduction in ticket sales and donations; and by directly leading artists to cancel performances or decline to perform at the Kennedy Center.

40.    As co-trustee, Plaintiff may sue to enforce the terms of the trust.  *See* Restatement (Second) of Trusts § 391 (1959) ("A suit can be maintained for the enforcement of a charitable trust by the Attorney General or other public officer, or by a co-trustee."); *id*. cmt. b ("A suit for the enforcement of a charitable trust can be maintained by one or more of several trustees against the other trustees.").  Plaintiff brings this action to do so in her capacity as trustee, and, if necessary,

derivatively on behalf of the Board and the Center.

## COUNT TWO
### *ULTRA VIRES*

41.     The preceding paragraphs are incorporated and realleged here.

42.     Defendants' actions in renaming the John F. Kennedy Center for the Performing Arts clearly violate federal law.  Congress has named the Kennedy Center by statute, and only Congress may change the Kennedy Center's name.  Moreover, with few exceptions not relevant here, Congress has expressly prohibited the Board from installing other plaques in the Kennedy Center, with a particular emphasis on the exterior.

43.     Defendants acted beyond statutory authority—seeking to unilaterally nullify the law that Congress passed.  Their actions are *ultra vires* and constitutionally void.

## COUNT THREE
### VIOLATION OF PLAINTIFF'S RIGHTS UNDER 20 U.S.C. § 76*l*

44.     The preceding paragraphs are incorporated and realleged here.

45.     Defendants improperly prevented Plaintiff from participating in the Board's meeting.  In doing so, Defendants violated Plaintiff's rights as a trustee.  Defendants also, once again, violated their duties as trustees.  Defendants violated the trust terms, *i.e.* the federal statute which makes Plaintiff a full voting member of the Kennedy Center Board of Trustees.  Defendants violated their duty of loyalty by unlawfully refusing to allow a co-trustee to participate.  And Defendants acted imprudently by refusing to allow a dissenting Board member to speak on an issue of paramount importance.

46.     The Court can and should protect Plaintiff's rights as trustee.

## COUNT FOUR
### DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 AND 2202

47.     The preceding paragraphs are incorporated and realleged here.

14

48.     Plaintiff is entitled to declaratory relief on the basis of all claims identified.  There is a substantial ongoing controversy between Plaintiffs and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Defendants did not have authority to rename the Kennedy Center or to prevent Plaintiff from fully participating in the Board meeting.

**COUNT FOUR**
**ADMINISTRATIVE PROCEDURE ACT (APA)**

49.     The preceding paragraphs are incorporated and realleged here.

50.     Defendant Trustees of the John F. Kennedy Center for the Performing Arts, and Defendant the John F. Kennedy Center for the Performing Arts are, with respect to the conduct alleged herein, federal agencies subject to the requirements of the APA, 5 U.S.C § 701(b)(1).[4]

51.     The APA provides a cause of action in federal district court for any person aggrieved by final agency action.  *See id*. §§ 702-704.  The renaming constitutes final agency action that is reviewable by this Court.

52.     For all the reasons just described, the renaming was not in accordance with law and, in excess of statutory authority, in violation of the APA, *id*. § 706(2).

**COUNT SIX**
**MANDAMUS**

53.     The preceding paragraphs are incorporated and realleged here.

54.     In the alternative, to the extent relief is unavailable under the Constitution, statute, equity, common law, or any other legal theory, Plaintiff is entitled to a writ of mandamus

---

[4] Plaintiff acknowledges that, in *Dong v. Smithsonian Institution*, 125 F.3d 877 (D.C. Cir. 1997), the D.C. Circuit held that the Smithsonian Institution did not constitute an agency for purposes of 5 U.S.C. § 551(1), when interpreting the scope of the Privacy Act.  Plaintiff intends to argue that the D.C. Circuit should overturn *Dong* and/or that *Dong* does not preclude review in this context.

commanding Defendants to remove any signage or materials—physical, digital or otherwise—purporting to rename the Kennedy Center after Defendant Trump, and to allow Plaintiff to participate in any and all Board meetings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court:

A.    Declare that Defendants' actions violated federal law;

B.    Declare that the name of Kennedy Center is "The John F. Kennedy Center for the Performing Arts";

C.    Declare that the vote to change the Kennedy Center's name is null and void, and without legal effect;

D.    Declare that Defendants unlawfully prohibited Plaintiff from participating fully in the Board meeting;

E.    Order Defendants to remove any and all physical and digital signage purporting to rename the Kennedy Center after Defendant Trump, including the signage on the building's front portico and the website;

F.    Order, at minimum, that Defendants hold a meeting at which Plaintiff is allowed fully to participate;

G.    Enjoin Defendants from further renaming the Kennedy Center, from further installing physical or digital signage purporting to rename the Kennedy Center, and from further publishing or producing any other official material in any medium that purports to refer to the Kennedy Center as named for Defendant Trump;

H.    In the alternative, issue a writ of mandamus;

I.    Award any other such relief that this Court deems appropriate.

Respectfully submitted,

/s/ Norman Eisen
NORMAN EISEN
  (D.C. Bar No. 435051)
STEPHEN JONAS
  (D.C. Bar No. 90037069)
DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY†
  (D.C. Bar No. 1724093)
/s/ Kyle R. Freeny
KYLE R. FREENY
  (D.C. Bar No. 247857)
THOMAS C. GREEN
  (D.C. Bar No. 14498)
JOHN ALDOCK
  (D.C. Bar No. 35949)
SAMANTHA P. BATEMAN†
  (D.C. Bar No. 492919)
ELIZABETH D. COLLERY†
  (D.C. Bar No. 4222246)
MARY L. DOHRMANN*
  (D.D.C. No. D00482)
JAMES I. PEARCE** †
BARRY WM LEVINE
  (D.C. Bar No. 143784)
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
kfreeny@washingtonlitigationgroup.org
nzelinsky@washingtonlitigationgroup.org

†*Application for admission pending*

*\* Admitted only in New York; practicing under the supervision of D.C. bar members*

 *\*\* Admitted only in New York and North Carolina; practicing under the supervision of D.C. bar members*

*Attorneys for Plaintiff Joyce Beatty*

17

**VERIFICATION**

I, Congresswoman Joyce Beatty, declare as follows:

1.      I represent Ohio's Third Congressional District in the United States House of Representatives.  By virtue of my elected position in Congress, I also serve ex officio as a trustee of the John F. Kennedy Center for the Performing Arts.

2.      I am a Plaintiff in the present case.  I have reviewed and am familiar with the allegations in the Complaint, and I confirm that the matters alleged therein are true and accurate to the best of my knowledge, information, and belief.  Having received a copy of the Complaint and having reviewed it, I authorize the Complaint's filing.

3.      I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd Day of December, 2025.


/s/ Joyce Beatty
Joyce Beatty

18